```
                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF FLORIDA

                            CASE NO. 08-80644-CIV-ZLOCH
                            MAGISTRATE JUDGE P.A. WHITE

JIMMY LEE JORDAN,           :

        Petitioner,         :    REPORT RE DISMISSAL
                                 FOR FAILURE TO OBTAIN
v.                          :    AUTHORIZATION PURSUANT TO
                                    28 U.S.C. §2244(b)(3)
STATE OF FLORIDA,           :

        Respondents.        :
_____
```

The <u>pro-se</u> petitioner, Jimmy Lee Jordan, filed a petition for writ of habeas corpus, claiming actual innocence of his conviction for first degree premeditated murder, entered on September 5, 1984, after a jury trial in Case No. 84-258-CF entered in the Circuit Court of the Eleventh Judicial Circuit of Florida at Dade County. The petitioner was sentenced to life imprisonment. This is a successive petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --

    (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

(c) In a habeas corpus proceeding brought in behalf of a person in custody pursuant to the judgment of a State court, a prior judgment of the Supreme Court of the United States on an appeal or review by a writ of certiorari at the instance of the prisoner of the decision of such State court, shall be conclusive as to all issues of fact or law with respect to an asserted denial of a Federal right which constitutes ground for discharge in a habeas corpus proceeding, actually adjudicated by the Supreme Court therein, unless the applicant for the writ of habeas corpus shall plead and

> the court shall find the existence of a material and controlling fact which did not appear in the record of the proceeding in the Supreme Court and the court shall further find that the applicant for the writ of habeas corpus could not have caused such fact to appear in such record by the exercise of reasonable diligence. (Emphasis added.)

The petitioner filed a prior petition attacking his conviction in case no. 84-258 CF. The petition, assigned Case No. 88-8296-Civ-Hastings was denied on the merits on November 29, 1988.[1] The petitioner claimed lack of sufficiency of the evidence in his prior petition, which was found to be without merit. Review of his claim of actual innocence includes no new evidence, but essentially reiterates his claims of insufficient evidence. Jordan has submitted no "new reliable evidence" to support his claim of actual innocence nor has he suggested that this requisite evidence exists so as to meet the demanding standard.[2] See House v. Bell, ___ U.S.

---

[1] The proceedings in this case are not available on the Court's docket, however the Court takes judicial notice of a copy of the Report and Recommendation entered in this case filed in Chambers.

[2] The Supreme Court has recently reiterated the standard to be applied to claims of actual innocence. See House v. Bell, ___ U.S. ___, 126 S.Ct. 2064, 2077 (2006)(citing Schlup v. Delo, 513 U.S. 298, 319-322, 324 (1995)). The Supreme Court noted that while the "standard is demanding and permits review only in the 'extraordinary' case", the Schlup standard does not require absolute certainty about the petitioner's guilt or innocence." Id. (citations omitted). Accordingly, "[a] petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt--or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." Id. In the habeas context, "actual innocence" means factual innocence, not mere legal insufficiency. Bousley v. U.S., 523 U.S. 614, 623 (1998). The petitioner must support the actual innocence

3

_____, 126 S.Ct. 2064 (2006)(holding actual innocence requires substantive review only in extraordinary cases). Jordan must obtain permission to file this successive petition from the Eleventh Circuit Court of Appeals.

If the petitioner intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The petitioner will be provided with a form to apply for such authorization with this report.

It is therefore recommended that this case be dismissed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 27th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

claim "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324.

4

```
cc:   Jimmy Lee Jordan, Pro Se
      DC #080197
      Polk Correctional Institution
      1800 Evans Road
      F-117
      Polk City, Florida 33868
```